Ajay Gupta, Esq. (#242132)
402 West Broadway, Suite 400
San Diego, CA  92101
Phone:  (619) 866-3444
Fax:  (619) 866-3444
ajay@guptalc.com

Attorney for the Defendants Ikebal Gill, Shaheen Gill, and American Gas Management Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re: | Adversary No: 10-90383-LA |
| IKEBAL S. GILL AND SHAHEEN GILL, | Chapter 7<br>Bankruptcy Case No: 09-19462-LA7<br>Hon. Louis Adler |
| Debtors | |
| GOVIND GILL, Successor Trustee of the Gill Living Trust dated 2/22/90, as restated, and Guardian Ad Litem for RANI B. GILL, | **OPPOSITION TO PLAINTIFFS' MOTION TO REMAND PURSUANT TO 28 U.S.C. 1453(b) AND 28 U.S.C. 1447(c) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S OPPOSITION** |
| Plaintiffs, | |
| vs. | (Removed from San Diego Superior Court Case No. 37-2010-00050109-CU-NP-NC) |
| IKEBAL S. GILL, an individual, SHAHEEN GILL, an individual, VIKRAM GILL, an individual, AMERICAN GAS MANAGEMENT, INC., a California Corporation, and DOES 1 through 10, | Hearing Date:  October 21, 2010<br>Time: 2:00 p.m.<br>Dept:  2 |
| Defendants | |

///…

///…

///…

## I. INTRODUCTION

There are currently two nearly identical actions pending in this court brought by the above entitled Plaintiffs. These two actions are a deliberate effort by Plaintiff, Govind Gill ("Govind"), to drain the financial resources of his brother, Ikebal Gill ("Ikebal"), and Ikebal's wife Shaheen Gill ("Shaheen") by forcing them to fight the same lawsuit in two different forums. This motion to remand is yet another example of how Govind continues to utilize the nearly endless resources of his mother, Rani Gill ("Rani") to senselessly prosecute his brother in an effort to satisfy his personal vendetta.

## II. BACKGROUND

On December 19, 2009, Ikebal and Shaheen filed for bankruptcy (Case # 09-19462-LA7). On January 6, 2010, the above entitled Plaintiffs ("Plaintiffs") filed this Complaint in California Superior Court for the County of San Diego, North County Division, alleging financial elder abuse, breach of contract, and promissory estoppel ("Present COA"). Ikebal, Shaheen, American Gas Management Inc. ("American Gas"), and Ikebal's son, Vikram Gill ("Vikram"), are included in Plaintiffs' claim of financial elder abuse in the Present COA. The breach of contract and promissory estoppel claims are only against Ikebal. Plaintiffs filed the Present COA without receiving relief from the Court; a clear violation of the automatic stay.

On February 22, 2010, Plaintiffs filed for relief from stay. The motion for relief went unopposed and was granted on April 20, 2010. On March 22, 2010, Plaintiffs filed an adversary to determine dischargeability, Case #10-90164−LA-LA7 ("Parallel COA") based substantively on the same facts as the Present COA. On August 9, 2010, Defendants filed a notice ("Removal Notice") removing the Present COA to this Court under diversity jurisdiction. On September 9, 2010, Plaintiffs filed a motion to remand the Present COA alleging that removal was untimely and that the Court should abstain on equitable grounds.

Defendants hereby oppose Plaintiffs' motion. With this opposition to the Plaintiffs' motion, Ikebal and Shaheen filed a separate motion to consolidate the Present COA and the

Parallel COA.  Both matters are scheduled to be heard in the October 21ˢᵗ Hearing.

A third lawsuit in probate court stemming from the same facts has been filed by Plaintiffs in San Diego Probate Court, Case # 37-2009-00150268-PR-CE-NC (Probate COA).  The Probate COA was filed on May 26, 2009 and is awaiting an evidentiary hearing.  That case remains under the jurisdiction of the Probate Court.  Other than evidencing Plaintiffs' relentless efforts to destroy what little resources the already bankrupt Defendants have, it should not be relevant to this motion.

### III.  SUMMARY OF DEFENDANTS' OPPOSITION

A.  <u>Plaintiffs' Argument I:  Defendants' Notice of Removal is Not Timely and is Defective.</u>

Plaintiffs first allege that the motion to remand is untimely because it was not filed within the 30 days as required under 28 U.S.C. §1446(b).  Although 28 U.S.C. §1446(b) does state in part that a case must be removed within 30 days of receipt of the initial pleading, Plaintiffs conveniently ignore the second paragraph of 28 U.S.C. §1446(b).  The second paragraph establishes a one year limit for a case to be removed when removability is not evident in the initial pleadings.  Defendants have clearly based removal on the one year removal limit established in the second paragraph of 28 U.S.C. §1446(b). The one year removal limit is applicable because the citizenship of the parties is not clear from the face of the Complaint (See Removal Notice ¶14). Paragraph 14 of the Removal Notice could not be clearer:

> 14. Removal of this action is timely because the case was filed less than one year ago and citizenship of the parties is not clear from the face of the pleadings.
>   a. Removal based on diversity must be effected within one year after the case is filed if removability is not clear from the face of the pleadings. (28 USC § 1446(b)).
>   b. The Case at bar was filed on January 6, 2010 and served on Defendants Ikebal Gill and Shaheen Gill on May 19, 2010.
>   c. The citizenship of Plaintiff Rani Gill at the time the case was filed is not clear from the face of the pleadings (See Complaint, ¶ 1)
>   d. Because the citizenship of Rani Gill is not clear from the face of the pleadings, the removability of the case is not clear from the face of the pleadings and therefore removable under 28 USC § 1446(b).

Plaintiffs simply choose not to address Defendants stated basis for removal because it is not

3

consistent with their argument. Consequently, the one year limit on removability applies and Defendants' removal was timely under 28 U.S.C. §1446(b).

B. <u>Plaintiffs' Argument II: Discretionary Abstention.</u>

Plaintiffs argue that this case should be remanded on equitable grounds; however, a close analysis of the factors shows that equitable grounds favor allowing the Present COA to remain in Bankruptcy Court. In their analysis, Plaintiffs fail to address that they have haled Shaheen and Vikram into State Court and Bankruptcy Court alleging the same facts and nearly the same causes of action. A motion to determine dischargeability can only be heard in Bankruptcy Court in connection with the relevant bankruptcy; therefore, the Parallel COA must be heard in Bankruptcy Court. The Present COA, however, can be heard in State Court or Federal Court. As a result, remand would force the State Court and the Bankruptcy Court to hear the exact same case. This would result in needless waste of judicial resources and an increased financial burden on all parties, but to the Defendants in particular. In addition to forcing different courts to hear the same case twice, there is the probability of inconsistent adjudication in the Bankruptcy Court and the State Court. Allowing both cases to remain in this Court, on the other hand, would permit the two cases to be consolidated, pending Defendants' motion to consolidate.

Perhaps more importantly, the Present COA and the Parallel COA are proceeding along the same time frame and both are in the early stages of litigation. Thus, equity weighs in favor of dismissing Plaintiffs' motion to remand and allowing these two cases to be consolidated and litigated expeditiously in Bankruptcy Court.

### IV. Legal Standard

State claims may be removed to federal Bankruptcy Court under 28 USC § 1441 removal based on diversity of citizenship, federal question or independent and separate claims. 28 USC § 1441; *Things Remembered, Inc. v. Petrarca*, 116 S.Ct. 494, 497 (1995). Defendant must file a notice of removal within 30 days after receipt of the first pleading in the State Action that sets forth a removable claim. 28 USC § 1446(b). To trigger the 30–day removal period, the facts

supporting removal must be evident from the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas Co*. 425 F3d 689, 694 (9th Cir. 2005); *Lovern v. General Motors Corp.* 121 F3d 160, 162 (4th Cir. 1997); *Whitaker v. American Telecasting, Inc*. 261 F3d 196, 206 (2nd Cir. 2001). If the initial pleading does not clearly disclose grounds for removal, defendant's subjective knowledge of the relevant facts does not affect the time for removal and defendant is under no duty to investigate jurisdictional facts. *Harris v. Bankers Life & Cas. Co*., supra, 425 F3d at 694; *Lovern v. General Motors Corp.*, supra, 121 F3d at 162. Removal based on diversity must be effected within one year after the case is filed if removability is not clear from the face of the pleadings. 28 USC § 1446(b).

The court to which the cause is removed may remand on equitable grounds 28 USC § 1452(b). Case law has determined what constitutes equitable grounds and the following factors are taken into consideration: (1) the effect (or lack thereof) on efficient administration of the estate if the court recommends remand or abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficult or unsettled nature of applicable law; (4) the presence of a related proceeding commenced in State Court or other nonbankruptcy proceeding; (5) the jurisdictional basis, if any, other than 28 USC § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in State Court (leaving enforcement to the Bankruptcy Court); (9) the burden on the Bankruptcy Court's docket; (10) the likelihood that commencement of the proceeding in Bankruptcy Court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action. *In re Enron Corp.*. 296 BR 505, 508–509 (C.D. CA 2003); *Williams v. Shell Oil Co.*, 169 BR 684, 692–693 (SD CA 1994); *Western Helicopters, Inc. v. Hiller Aviation, Inc.,* 97 BR 1, 6 (ED CA 1988).

These factors may aid the court in determining whether equitable grounds exist, but are not controlling as the standard remains "any equitable ground." *In re Roman Catholic Bishop of San Diego*, 374 BR 756, 762 (S.D. CA 2007). Also, the mere fact that litigation involves state law claims does not justify remand: "(I)f the state law issue is not particularly troublesome ... remand ... is not necessary" *Matter of Wild Oaks Utilities, Inc.,* 18 BR 959, 964 (SD NY 1982).

## V. ARGUMENT

A. <u>Defendants Removal Notice was Timely and Proper.</u>

As stated above and in the Removal Notice, the statutory basis for removal is clear. The Present COA was filed on January 6, 2010 and served on Defendants Ikebal Gill and Shaheen Gill on May 19, 2010. The citizenship of Plaintiff Rani Gill at the time the case was filed is not clear from the face of the pleadings. (See Complaint, ¶ 1). Because the citizenship of Rani Gill is not clear from the face of the pleadings, removability is not clear from the face of the pleadings. Thus, the Present COA is removable within one year under 28 USC § 1446(b).

B. <u>Equity Weighs in Favor of Allowing this Case to Remain in Bankruptcy Court.</u>

The Present COA and Parallel COA are virtually the same. The two cases are intertwined and the result in one action is determinative of the merits of the other. It is logical to combine the two cases, or in the alternative, have the two cases heard before the same judge. The issue in the Parallel COA is whether Plaintiffs, if able to prove their claims, are entitled to a holding by the Bankruptcy Court that the alleged debt is non-dischargeable. The only way to determine dischargeability in the Parallel COA of the alleged debt is to determine the facts presented in the Present COA. If a finding of fact is issued in the Present COA in State Court, then the Parallel COA will likely be bound by the doctrine of collateral estoppel to those findings. On the other hand, if the Bankruptcy Court issues a finding of fact before the State Court, then any efforts that were made in State Court may be rendered moot or bound by the same doctrine. Creating multiple actions here where the facts are identical only leads to confusion, delay, judicial inefficiency, additional litigation costs, and a multiplicity of results. Allowing the Present COA to remain in

Bankruptcy Court, however, stands only to increase efficiency of the bankruptcy estate by avoiding delay in adjudication of the Present COA in order to determine the Parallel COA.

**(1)  Remanding the Present COA back to State Court will Cause Delay in the Administration of the Bankruptcy Estate, Encourage Forum Shopping and Create a Race to the Court House.**

As explained above, the only way to determine dischargeability of the alleged debt in the Parallel COA is to determine the facts presented in the Present COA. Which Court will get to hear the merits of the case? Which Court should be entitled to enforce its findings over the other? Is it simply a matter of timing or should there be a priority? Ultimately, judicial economy and equity are served by having both matter heard before this Court.

**(2)  State Law Issues Predominate, but the Causes of Action are based on Facts that are Closely Related to The Parallel COA.**

The Parallel COA is a core proceeding to determine dischargeability of debt and is directly related to the Present COA. The debt is substantively based on state causes of action alleged in the Present COA and the factual basis is the same in both causes of action. Viewed this light, the existence of state law claims is minimally relevant to this motion to remand.

**(3)  The Causes of Action are based on Well Settled Law.**

Defendants submit that the state law claims in the Present COA present no difficult or unsettled areas of law (Motion to Remand, Page 7, ln. 21) As there are no new, novel areas of law being explored, the Bankruptcy Court should able to adjudicate this matter easily.

**(4)  The Present COA is a Non-Core Proceeding that is directly Related to a Core Proceeding and Plaintiffs Asserted Right to a Jury Trial Does not Provide a Basis For Remand.**

The Present COA is directly related to the Parallel COA, a core proceeding. Although a bankruptcy judge does not have power to render a final judgment or order in non-core related proceedings unless all parties consent, a bankruptcy judge can hear the case and submit proposed

findings of fact and conclusions of law to the district court if all parties do not consent to adjudication of the case in Bankruptcy Court. 28 USC § 157(c)(1); FRBP 9033; In re *Mann*, 907 F2d 923, 925–926 (9th Cir. 1990). A request for a jury trial, as Plaintiffs are asserting, constitutes consent to final judgment by a bankruptcy judge, rendering any argument for lack of consent by the Plaintiffs moot because they are exercising their right to a jury trial. Local Rule 7040-3. Therefore, the fact that the Present COA is a non-core bankruptcy proceeding does not preclude this Court from hearing the merits of the case or entering a final judgment and does not provide an equitable reason for remand.

**(5)    Defendant's Removal of the Present COA is not Forum Shopping Because Plaintiffs have Already Haled the Defendants into Bankruptcy Court in The Parallel COA.**

Defendants have already been haled into this court on virtually the same case and must litigate the same facts in Bankruptcy Court regardless of the Courts decision on this motion. Removal by the Defendants was an attempt to consolidate two closely related cases with the same facts for the purpose of increasing efficiency and reducing cost, not forum shopping

**(6)    There are Two Non Debtor Parties to the Action, but These Parties are Closely Related to the Debtors.**

The non-debtor Defendants are related to the Debtors, are only Defendants in one of the three causes of action, and are only peripherally related to the actions before the Court. One of the non-Debtor Defendants, Vikram, has not even been served. American Gas is owned in its entirety by Debtor Shaheen Gill. Vikram is the son of Debtor Ikebal. Thus, the additional non-debtor Defendants are irrelevant to this action, or, at a minimum, closely related.

**(7)    Comity does not provide a compelling reason to remand.**

Plaintiffs assert that "when a State Court proceeding sounds in state and <u>bears a limited connection to a debtor's bankruptcy case</u>, abstention is particularly compelling." Motion to Remand, Page 8, lns 16-19 quoting *In Re United Container LLC*, 284 B.R. 162. As repeatedly

argued, the Present COA is substantially related to the Parallel COA and the Bankruptcy Case. As a result, comity does not provide an equitable basis for remand.

## VI. CONCLUSION

Defendants have met all procedural requirements for removal and Plaintiffs' arguments for remand on equitable grounds are insufficient. It is in the best interest of the Court and the parties that Plaintiffs' motion for remand is denied.

WHEREFORE, Shaheen and American Gas demands:

1. That Plaintiffs motion for remand is denied;
2. For costs of suit herein including reasonable attorneys fees;
3. For such other and further relief as the court deems just and proper.

Dated September 22, 2010

       /s/ Ajay Gupta_____
Ajay Gupta
Gupta Legal Center
Attorney for Defendants